MICHELLE MANCINO MARSH (*PRO HAC VICE PENDING*)
michelle.marsh@arentfox.com
DANA J. FINBERG (SBN 257459)
dana.finberg@arentfox.com
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, California 94105
Telephone: 415.757.5500
Facsimile:  415.757.5501

Attorneys for Plaintiff
Rothy's, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROTHY'S, INC., a California corporation,<br><br>            Plaintiff,<br><br>v.<br><br>GIESSWEIN WALKWAREN AG, an Austrian public limited company,<br><br>            Defendant. | Case No.<br><br>**Plaintiff's Complaint for:**<br>**1. Patent Infringement**<br>**2. Trade Dress Infringement**<br>**3. Unfair Competition**<br>**4. Dilution**<br><br>**Jury Trial Demanded** |

Plaintiff Rothy's, Inc. ("Rothy's"), by counsel, alleges as follows as its Complaint against Defendant Giesswein Walkwaren AG ("Giesswein").

## NATURE OF THE ACTION

1.     Rothy's (formerly known as CABH Holdings, LLC) was founded in San Francisco in 2012 and has what *Business Insider* describes as a "ravenous following" for its unique, novel, sustainable, comfortable, and stylish shoes. Rothy's footwear is elegantly designed and seamlessly manufactured from recycled bottles using a proprietary 3D knitting process. Rothy's has endeavored to repurpose more than 31 million plastic bottles since its founding.

2.     Rothy's creative achievements have resulted in broad intellectual property protection for Rothy's innovations, including design patents, trademarks, and trade dress protection. Nevertheless, Rothy's innovations have been the subject of frequent copying by those attempting to capitalize on Rothy's success by imitating Rothy's innovative distinctive product design. One of these imitators is Giesswein, which recently introduced a line of infringing shoes. Instead of pursuing independent product development, Giesswein has chosen to slavishly copy Rothy's innovative and distinctive product design, in violation of Rothy's valuable intellectual property rights, as well blatantly mimicking their distinctive marketing. As alleged in detail below, in an effort to trade off the goodwill Rothy's has developed through its innovation and significant investment, Giesswein has made its shoes look like Rothy's footwear through patent and trade dress infringement.

3.     Through this action Rothy's seeks to enjoin Giesswein's illegal conduct and obtain compensation for the violations of its intellectual property rights that have occurred thus far.

## THE PARTIES

4.     Rothy's is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 501 Pacific Avenue San Francisco, California 94133.

5.     On information and belief, Giesswein is a foreign entity with its principal offices believed to be at Niederfeldweg 5-7, 6230 Brixlegg, Austria. On

information and belief, Giesswein regularly conducts business in the state of California, including in this judicial district, where their shoes are sold.

## JURISDICTION

6.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

7.      This Court has personal jurisdiction over Giesswein because it has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1114 and 1125, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts of Giesswein have caused, and are continuing to cause, injury to Rothy's within this District.

8.      Upon information and belief, Giesswein derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate and international commerce.

## VENUE AND INTRADISTRICT ASSIGNMENT

9.      Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Giesswein transacts business and offers for sale in this District products that infringe the Rothy's patents and trade dress. In addition, venue is proper because Rothy's principal place of business is in this District and Rothy's has suffered, and is continuing to suffer, harm in this District.

10.     Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

FACTUAL ALLEGATIONS

11.    In 2012, Rothy's began the design and development of its revolutionary, industry changing shoe titled the Flat ("The Flat"), a ballet-type shoe.

12.    On or about December 2015, The Flat was released by Rothy's after more than three and one-half years of research and development and at great expense to Rothy's. Following its release, The Flat quickly gained success in the market, generating revenue in excess of $40 million dollars, and earning a reputation with consumers for its design, the comfortable fit and lightweight and extremely attractive aesthetic. Rothy's has spent many years and a vast amount of financial resources in the conception, design, intellectual property protection, manufacture, marketing and sales of The Flat product.

13.    Rothy's The Flat product has a distinctive shape and design such that it is recognized by consumers of women's footwear.

14.    The signature round toe, seamless 3D knitted upper with distinctive vamp, slim profile and sleek outsole of The Flat comprises the trade dress of Rothy's The Flat.

15.    As a result of Rothy's revolutionary design and its substantial research and promotional efforts, Rothy's The Flat has received significant media attention from a variety of national and global media sources. Indeed, news outlets have described Rothy's The Flat product as a "favorite work shoe for women." Connie Chen, *Women in New York City and San Francisco are obsessed with these comfortable flats made from recycled water bottles — here's what they feel like*, Business Insider (July 1, 2018), https://amp.businessinsider.com/rothys-comfortable-work-flat-review-2018-6. Other news outlets have praised "that not only are these among the most politically correct shoes on our beleaguered planet, they are also adorable." Lynn Yaeger, *The Most Environmentally Friendly Shoes on the Planet Also Happen to Be the Cutest*, Vogue (August 17, 2016),

https://www.vogue.com/article/rothys-shoes-chic-recycled-eco-friendly-flats/amp.
"Rothy's ballet flats are elegant" which has led to "the shoes hav[ing] amassed a
loyal global clientele, many of whom can't stop talking about them online and off."
Tariro Mzezewa, *What if Your Environmentally Correct Shoes Were Also Cute?*,
New York Times (June 6, 2017),
https://www.nytimes.com/2017/06/06/fashion/rothys-recycled-plastic-bottle-
shoes.html. And those "obsessed with Rothy's" proclaim that "not only are these
shoes adorable, they're also eco-friendly." Catherine DiBenedetto, *I Have Meghan
Markle's Go-To Flats—And They Are the Most Comfortable Shoes I've Ever
Owned*, Health (Feb. 20, 2019) https://www.health.com/style/comfortable-flats-
rothys. Rave reviews have asserted that "[t]he flats are machine washable (!) and
made from recycled materials. They claim to be comfy like sneakers — oh, and
also? They are really CUTE." Natalie Brown et al., *We Tried The Washable Flats
You're Seeing All Over Pinterest*, BuzzFeed (June 21, 2017)
https://www.buzzfeed.com/nataliebrown/rothys-flats-
review?utm_term=.odmjqKG5a#.xf5DpaWA4. In short, the media recognizes The
Flat as a "signature design[]." Lauren Hubbard, *You Can Now Buy Meghan
Markle's Favorite Rothy's Flats At Nordstrom*, Town&Country (Dec. 6, 2018)
https://www.townandcountrymag.com/style/fashion-trends/g25423642/meghan-
markle-rothys-flats-nordstrom/#sidepanel.

16.     The shape and/or ornamental design of Rothy's The Flat product is
nonfunctional.

17.     In or about November 2017, Rothy's made a limited edition of
another innovative design called the Pointed Loafer. The distinct tapered toe,
seamless 3D knitted upper, angled tongue, slim profile and sleek outsole of the
Pointed Loafer comprises the trade dress of Rothy's Pointed Loafer. The Pointed
Loafer is widely recognized by customers as a Rothy's design, and coveted by

collectors until such time as the design is released again. Limited edition Rothy's designs are affectionately known as "unicorns" to Rothy's customers.

18.    The shape and/or ornamental design of Rothy's Pointed Loafer product is nonfunctional.

19.    By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D768,366 (the "'D366 Patent") for an ornamental design entitled "Shoe." The 'D366 Patent, a copy of which is attached hereto as Exhibit 1, was duly issued on October 11, 2016, by the United States Patent and Trademark Office. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

20.    By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D831,325 (the "'D325 Patent") for an ornamental design entitled "Shoe." The 'D325 Patent, a copy of which is attached hereto as Exhibit 2, was duly issued on October 23, 2018, by the United States Patent and Trademark Office. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

21.    By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D833,729 (the "'D729 Patent") for an ornamental design entitled "Portion of a Shoe." The 'D729 Patent, a copy of which is attached hereto as Exhibit 3, was duly issued on November 20, 2018, by the United States Patent and Trademark Office. Such right, title and interest includes, without limitation, the right to sue and receive damages for past, present and future patent infringement.

22.    On information and belief, on or about July 19, 2018 and December 27, 2018, the Defendant, or someone acting on its behalf, purchased approximately $2,400 in Rothy's footwear products in varying colors/styles in sizes 7.5-8.5. The

Rothy's products were shipped to an export shipping center in Hawthorne, California.

23.    On information and belief, with Rothy's products in hand, Defendant began reviewing, researching and copying the product that embodied the ornamental designs covered by the 'D366 Patent, the 'D325 Patent and the 'D729 Patent, and willfully copied the trade dress of The Flat and the Pointed Loafer.

24.    On information and belief, on or about April 2019, the Defendant began marketing, manufacturing, offering for sale and importing a product entitled the "Round" ("The Round"), a shoe with a shape, design and look that is virtually identical to Rothy's The Flat product and the embodied ornamental design covered by the 'D366 Patent, the 'D325 Patent and the 'D729 Patent; and a product entitled the Pointy, a shoe with a shape, design and look that is virtually identical to Rothy's Pointed Loafer.

25.    On information and belief, the similarity between the two products is so striking that consumers, either at point of purchase or thereafter seeing The Round and Pointy products will be confused into thinking that The Round and Pointy products are related to Rothy's. As such, ordinary consumers are likely to be confused as to the source, sponsorship, affiliation or approval relating to The Round and Pointy products vis-à-vis Rothy's and Rothy's The Flat and Pointed Loafer products.

26.    Defendant's The Round product has an overall appearance that is confusingly similar and substantially the same in the eyes of an ordinary observer, in view of the prior art, as the designs claimed in the 'D366 Patent, the 'D325 Patent and the 'D729 Patent as demonstrated by the side-by-side comparisons below:

| Rothy's "The Flat" | The Infringing Product | Rothy's Patents |
|---|---|---|
|  |  | <br><br>Design Patent No. D833,729<br><br><br><br>Design Patent No. D831,325 |

1
2
3
4
5
6
7
8
9
10
11
12
13



Design Patent No. D768,366

14
15
16
17

27.    Defendant's The Round product has an overall appearance that is confusingly similar to, and substantially the same as, the trade dress of Rothy's The Flat product, as demonstrated by the side-by-side comparison above.

18
19
20

28.    Defendant's Pointy product has an overall appearance that is confusingly similar to Rothy's The Pointed Loafer, as demonstrated by the side-by--side comparison below:

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

| Rothy's "The Pointed Loafer" | The Infringing Product |
|---|---|



23
24
25
26
27
28

29.     On information and belief, Defendant has gained profits by virtue of its sales of The Round and The Pointy products.

30.     On information and belief, consumers viewing The Round and The Pointy products will confuse them with Rothy's The Flat and the Pointed Loafer products.

31.     On information and belief, Defendant's infringement has caused Rothy's to suffer harm, and as such, Rothy's is entitled to injunctive relief and damages.

32.     On May 13, 2019, Rothy's sent, via FedEx and E-mail, a correspondence clearly notifying Giesswein of their potential infringement of the 'D366 Patent, the 'D325 Patent and the 'D729 Patent prior to their product launch. A copy of this correspondence is attached hereto as Exhibit 4.

33.     On May 17, 2019, Rothy's was notified via E-mail that Giesswein had retained counsel, yet its counsel failed to respond to and/or address any issues set forth in the May 13, 2019, correspondence.

34.     On information and belief, on or about May 17, 2019, Giesswein launched on its US website The Round and The Pointy for sale notwithstanding the May 13, 2019, correspondence, thus proceeding to willfully infringe the 'D366 Patent, the 'D325 Patent and the 'D729 Patent, and Rothy's trade dress rights.

35.     On information and belief, to further demonstrate Giesswein's attempt to confuse customers and steal the goodwill associated with Rothy's designs, Giesswein adopted a nearly identical marketing strategy as Rothy's, including without limitation, using the same naming convention to refer to its products as Rothy's has coined.

36.     In accordance with 35 U.S.C. § 287(a), Rothy's virtually marks all products that are produced and sold.

## COUNT I
## INFRINGEMENT OF U.S. Patent No. D768,366

37.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 36 above as though fully set forth below.

38.     Defendant's The Round product falls within the scope of the claim of the D768,366 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

39.    Defendant has been and is still infringing the 'D366 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Round product as identified in this Complaint, which embodies the design covered by the 'D366 Patent.

40.    On information and belief, Defendant's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

41.    On information and belief, Defendant has gained profits by virtue of its infringement of the 'D366 Patent. As such, Rothy's is entitled to Defendant's profits under 35 U.S.C. § 289.

42.    On information and belief, Defendant's infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

43.    On information and belief, Defendant has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT II
## <u>INFRINGEMENT OF U.S. Patent No. D831,325</u>

44.    Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 43 above as though fully set forth below.

45.    Defendant's The Round product falls within the scope of the claim of the D831,325 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

46.    Defendant has been and is still infringing the 'D325 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Round product as

identified in this Complaint, which embodies the design covered by the 'D325 Patent.

47.    On information and belief, Defendant's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

48.    On information and belief, Defendant has gained profits by virtue of its infringement of the 'D325 Patent. As such, Rothy's is entitled to Defendant's profits under 35 U.S.C. § 289.

49.    On information and belief, Defendant's infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

50.    On information and belief, Defendant has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT III
## INFRINGEMENT OF U.S. Patent No. D833,729

51.    Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 50 above as though fully set forth below.

52.    Defendant's The Round product falls within the scope of the claim of the D833,729 Patent and therefore has infringed the patent in violation of 35 U.S.C. § 271, *et seq*.

53.    Defendant has been and is still infringing the 'D729 Patent literally or under the doctrine of equivalents by making, using, selling, and/or offering for sale in the United States, and or importing into the United States, The Round product as identified in this Complaint, which embodies the design covered by the 'D729 Patent.

54.     On information and belief, Defendant's infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

55.     On information and belief, Defendant has gained profits by virtue of its infringement of the 'D729 Patent. As such, Rothy's is entitled to Defendant's profits under 35 U.S.C. § 289.

56.     On information and belief, Defendant's infringement was and is willful, making this an exceptional case under 35 U.S.C. §§ 284 and 285. As a result, Rothy's is entitled to increased damages and attorneys' fees.

57.     On information and belief, Defendant has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. §283.

## COUNT IV
## INFRINGEMENT OF ROTHY'S TRADE DRESS

58.     Rothy's incorporates and re-alleges the allegations of Paragraphs 1 through 57 above as though fully set forth below.

59.     Rothy's is the owner of the trade dress in and to The Flat and Pointed Loafer products as outlined above.

60.     The shape and/or ornamental design of The Flat and Pointed Loafer products as described above is nonfunctional and has achieved substantial secondary meaning and goodwill in that it has come to be associated with Rothy's in the minds of consumers.

61.     As such, Rothy's The Flat and Pointed Loafer products constitute protectable trade dress pursuant to Section 43(a) of the Lanham Act.

62.     The shape, design and look of Defendant's The Round and Pointy products are confusingly similar to Rothy's The Flat and Pointed Loafer products, and incorporate the distinctive features of The Flat and Pointed Loafer products.

Therefore, the marketing and sale of Defendant's The Round and Pointy products constitutes the use in commerce of false designations of origin, false or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Defendant's The Round and Pointy products or its affiliation, connection or association with Rothy's The Flat and Pointed Loafer products or Rothy's sponsorship or approval of Defendant's The Round and Pointy products. As such, Defendant's acts constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

63.    On information and belief, Defendant's infringement as described above is deliberate, willful, and in bad faith.

64.    Defendant's acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law.

### COUNT V
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

65.    Rothy's repeats and re-alleges the allegations of Paragraphs 1 through 64 of the Complaint above as though fully set forth below.

66.    Defendant's acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendant with Rothy's or as to the origin, sponsorship, or approval of Defendant's The Round and Pointy products by Rothy's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

67.    Upon information and belief, Defendant's acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Rothy's The Flat and Pointed Loafer products.

68.    Defendant's acts of infringement have caused both irreparable harm and monetary damage to Rothy's, and unless enjoined and restrained, will cause further irreparable harm, leaving Rothy's with no adequate remedy at law. By the foregoing acts, Defendant has deceived and confused members of the public, and is likely to continue to do so unless restrained and enjoined by this Court.

## PRAYER FOR JUDGEMENT AND RELIEF

WHEREFORE, Rothy's prays for a judgment against Defendant as follows:

69.    For a finding that U.S. Design Patent No. D768,366 is valid and enforceable;

70.    For a finding that Defendant has infringed U.S. Design Patent No. D768,366, and that such infringement was willful;

71.    For a finding that U.S. Design Patent No. D831,325 is valid and enforceable;

72.    For a finding that Defendant has infringed U.S. Design Patent No. D831,325, and that such infringement was willful;

73.    For a finding that U.S. Design Patent No. D833,729 is valid and enforceable;

74.    For a finding that Defendant has infringed U.S. Design Patent No. D833,729, and that such infringement was willful;

75.    For an award of damages to Rothy's against Defendant for infringement of U.S. Design Patent No. D768,366, under 35 U.S.C. § 284;

76.    For an award of damages to Rothy's against Defendant for infringement of U.S. Design Patent No. D831,325, under 35 U.S.C. § 284;

77.    For an award of damages to Rothy's against Defendant for infringement of U.S. Design Patent No. D833,729, under 35 U.S.C. § 284;

78.    In the event Rothy's elects to recover damages under 35 U.S.C. § 284, an increase of the sums awarded to Rothy's to three times the actual damages, pursuant to 35 U.S.C. § 284;

79.     An award of damages to Rothy's against Defendant under 35 U.S.C. § 289 in the amount of Defendant's total profits for infringement of U.S. Design Patent No. D768,366;

80.     An award of damages to Rothy's against Defendant under 35 U.S.C. § 289 in the amount of Defendant's total profits for infringement of U.S. Design Patent No. D831,325;

81.     An award of damages to Rothy's against Defendant under 35 U.S.C. § 289 in the amount of Defendant's total profits for infringement of U.S. Design Patent No. D833,729;

82.     For an order that Defendant, its agents, servants officers, directors, employees, affiliates, attorneys, and all those acting in privity, active concert or participation with any of them, and their parents, subsidiaries, divisions, successors and assigns who receive actual notice of the order and judgement by personal service or otherwise, be enjoined from making, using and selling any product in violation of Rothy's Design Patents No. D768,366, D831,325, and D833,729;

83.     That this case be deemed as exceptional under 35 U.S.C. § 285 due to the intentional and willful infringement by Defendant, and an award be made to Rothy's of its attorneys' fees under 35 U.S.C. § 285;

84.     A finding that the Defendant's The Round and Pointy products infringe the trade dress of Rothy's and is likely to cause confusion, deception, or mistake as to the source of The Round and Pointy products, or to dilute Rothy's trade dress in its distinctive The Flat and Pointed Loafer products.

85.     For damages for infringing Rothy's trade dress, including Defendant's profits for the unauthorized use of Rothy's trade dress, and for all damages sustained by Rothy's on account of Defendant's infringement and unfair competition, and that those damages be trebled pursuant to 15 U.S.C. § 1117.

86.     For a finding that this is an exceptional case and an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

87.     That Defendant be ordered to pay Rothy's for damages it has sustained as a consequence of Defendant's unfair competitive acts.

88.     That Defendant be ordered to destroy any remaining inventory of infringing or diluting products as well as any and all advertising and promotional materials, displays, marketing materials, web pages and all other data or things relating to The Round product pursuant to 15 U.S.C. § 1118.

89.     For an order requiring Defendant to turn over to Rothy's all tooling and other implements used to manufacture the infringing product.

90.     For a permanent injunction pursuant to 15 U.S.C. § 1116.

91.     For an award of prejudgment and post-judgment interest and costs of suit to Rothy's; and

92.     Such other and further relief as the Court deems proper and just for counts I-V of this Complaint.

Dated: June 3, 2019                    **ARENT FOX LLP**


                                       By: _//s// Dana J. Finberg_
                                       DANA J. FINBERG
                                       MICHELLE MANCINO MARSH (*PRO HAC VICE PENDING*)
                                       Attorneys for Plaintiffs
                                       ROTHY'S, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury on all matters that may be so tried.

Dated: June 3, 2019                    **ARENT FOX LLP**


By:  //s// *Dana J. Finberg*
DANA J. FINBERG
MICHELLE MANCINO MARSH (*PRO HAC VICE PENDING*)
Attorneys for Plaintiffs
ROTHY'S, INC.

# Exhibit 1

US00D768366S

(12) **United States Design Patent**
Hawthornthwaite et al.

(10) Patent No.: **US D768,366 S**
(45) Date of Patent: ** **Oct. 11, 2016**

(54) **SHOE**

(71) Applicant: **CABH Holdings, LLC**, San Francisco, CA (US)

(72) Inventors: **Stephen P. Hawthornthwaite**, San Francisco, CA (US); **W. Roth Martin**, San Francisco, CA (US)

(73) Assignee: **CABH Holdings, LLC**, San Francisco, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/512,404**

(22) Filed: **Dec. 18, 2014**

(51) LOC (10) Cl. ............................................... **02-04**

(52) **U.S. Cl.**
USPC ........................................................... **D2/939**

(58) **Field of Classification Search**
USPC ................. D2/896, 919, 925–942, 969, 971
CPC ...... A43B 21/00; A43B 21/02; A43B 21/06; A43B 9/14; A43B 1/0045; A43B 13/10; A43B 13/12; A43B 23/06; A43B 23/07; A43B 1/0036; A43B 5/12
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 20,439 A | * | 6/1858 | Michael et al. ......... A43B 3/16 36/7.1 R |
| D16,609 S | * | 4/1886 | Buchana ................... 2/939 |
| 687,513 A | * | 11/1901 | Bibikov ............. A43B 3/126 36/11.5 |
| D86,152 S | * | 2/1932 | Bellak ............................ D2/920 |
| D109,313 S | * | 4/1938 | Delman ........................ D2/935 |
| D133,819 S | * | 9/1942 | Harris .......................... D2/939 |
| D137,763 S | * | 4/1944 | Golstein ...................... D2/939 |
| D137,765 S | * | 4/1944 | Goldstein ..................... D2/941 |
| D149,683 S | * | 5/1948 | Sandler ........................ D2/930 |
| D149,695 S | * | 5/1948 | Sandler ........................ D2/930 |
| D163,185 S | * | 5/1951 | Joyce ............................ D2/930 |
| D167,503 S | * | 8/1952 | Diamant ....................... D2/923 |
| D180,334 S | * | 5/1957 | Keyes .......................... D2/971 |
| D190,900 S | * | 7/1961 | Grossman ..................... D2/939 |
| D247,932 S | * | 5/1978 | Katz ............................ D2/927 |
| D273,627 S | * | 5/1984 | Huberman .................... D2/941 |
| D499,865 S | * | 12/2004 | Belley ......................... D2/969 |
| D500,191 S | * | 12/2004 | Belley ......................... D2/969 |
| D527,513 S | * | 9/2006 | Della Valle ................. D2/919 |
| D545,037 S | * | 6/2007 | Shaffer ....................... D2/969 |
| D571,084 S | * | 6/2008 | Comeau ....................... D2/925 |
| D571,548 S | * | 6/2008 | Seamans ...................... D2/925 |
| D579,637 S | * | 11/2008 | Liow ........................... D2/925 |
| D611,693 S | * | 3/2010 | Schwartz ..................... D2/969 |
| D612,591 S | * | 3/2010 | Schwartz ..................... D2/969 |
| D660,565 S | * | 5/2012 | Della Valle ................. D2/925 |
| D668,027 S | * | 10/2012 | Millieret ..................... D2/925 |
| D668,438 S | * | 10/2012 | Millieret ..................... D2/925 |
| D668,847 S | * | 10/2012 | Gavrieli ...................... D2/925 |
| D668,848 S | * | 10/2012 | Gavrieli ...................... D2/925 |
| D668,849 S | * | 10/2012 | Pozzi .......................... D2/925 |
| D668,850 S | * | 10/2012 | Pozzi .......................... D2/925 |
| D676,634 S | * | 2/2013 | Gavrieli ...................... D2/925 |
| D693,103 S | * | 11/2013 | McMillan ..................... D2/971 |
| D730,635 S | * | 6/2015 | Lin ............................. D2/939 |
| D744,730 S | * | 12/2015 | Kirkwood .................... D2/923 |

* cited by examiner

*Primary Examiner* — Dominic Simone
(74) *Attorney, Agent, or Firm* — Arent Fox LLP

(57) **CLAIM**
The ornamental design for a shoe, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of an embodiment of a shoe;
FIG. **2** is a front view thereof;
FIG. **3** is a rear view thereof;
FIG. **4** is a side view thereof;
FIG. **5** is another side view thereof;
FIG. **6** is a top view thereof; and,
FIG. **7** is a bottom view thereof.
The broken line portions shown in the figures are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3

Case 3:19-cv-03071-JD    Document 1    Filed 06/03/19    Page 24 of 53



FIG. 4



FIG. 5



FIG. 6



FIG. 7

Exhibit 2

US00D831325S

(12) **United States Design Patent** (10) Patent No.: **US D831,325 S**
Hawthornthwaite et al. (45) Date of Patent: ** **Oct. 23, 2018**

(54) **SHOE**

(71) Applicant: **Rothy's Inc.**, San Francisco, CA (US)

(72) Inventors: **Stephen Hawthornthwaite**, Los Angeles, CA (US); **William Roth Martin**, San Francisco, CA (US)

(73) Assignee: **Rothys, Inc.**, San Francisco, CA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/622,868**

(22) Filed: **Oct. 20, 2017**

**Related U.S. Application Data**

(62) Division of application No. 29/576,783, filed on Sep. 7, 2016, now Pat. No. Des. 804,156, which is a division of application No. 29/512,404, filed on Dec. 18, 2014, now Pat. No. Des. 768,366.

(51) **LOC (11) Cl.** .............................................. **02-99**
(52) **U.S. Cl.**
USPC ......................................... **D2/971**
(58) **Field of Classification Search**
USPC .......... D2/896, 919, 923, 925–942, 969, 971
CPC ......... A43B 21/00; A43B 21/02; A43B 21/06; A43B 9/14; A43B 1/0045; A43B 13/10; A43B 13/12; A43B 23/06; A43B 23/07; A43B 1/0036; A43B 5/12
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 20,439 | A | * 6/1858 | Michel et al. | ........... A43B 3/16 36/7.1 R |
| D16,609 | S | * 4/1886 | Buchanan | .................... D2/939 |
| 687,513 | A | * 11/1901 | Bibikov | ................. A43B 3/126 36/11.5 |

| | | | | |
|---|---|---|---|---|
| D86,152 | S | * 2/1932 | Bellak | ............................. D2/920 |
| D109,313 | S | * 4/1938 | Delman | ..................... D2/935 |
| D133,819 | S | * 9/1942 | Harris | ........................ D2/939 |
| D137,763 | S | * 4/1944 | Goldstein | .................. D2/939 |
| D137,765 | S | * 4/1944 | Goldstein | .................. D2/941 |
| D149,683 | S | * 5/1948 | Sandler | ..................... D2/930 |
| D149,695 | S | * 5/1948 | Sandler | ..................... D2/930 |
| D163,185 | S | * 5/1951 | Joyce | ........................ D2/930 |
| D167,503 | S | * 8/1952 | Diamant | ..................... D2/923 |
| D180,334 | S | * 5/1957 | Keyes | ........................ D2/971 |
| D190,900 | S | * 7/1961 | Grossman | .................. D2/939 |
| D204,390 | S | 4/1966 | Bodicky | |
| D247,932 | S | * 5/1978 | Katz | .......................... D2/927 |
| D273,627 | S | * 5/1984 | Huberman | .................. D2/941 |
| D499,865 | S | * 12/2004 | Belley | ....................... D2/969 |
| D500,191 | S | * 12/2004 | Belley | ....................... D2/969 |
| D527,513 | S | * 9/2006 | Della Valle | ................ D2/919 |
| D545,037 | S | * 6/2007 | Shaffer | ..................... D2/969 |
| D571,084 | S | * 6/2008 | Comeau | ..................... D2/925 |

(Continued)

*Primary Examiner* — Dominic V Simone
(74) *Attorney, Agent, or Firm* — Arent Fox LLP

(57) **CLAIM**

The ornamental design for a shoe, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of an embodiment of a shoe;
FIG. **2** is a front view thereof;
FIG. **3** is a rear view thereof;
FIG. **4** is a side view thereof;
FIG. **5** is another side view thereof;
FIG. **6** is a top view thereof; and,
FIG. **7** is a bottom view thereof.
The broken line portions shown in the figures are for illustrative purposes only and form no part of the claimed design. The Figures include a contrasting portion, which is designated to show that the portion can be any color, and in particular, a color different than the remaining portion of the shoe in the Figures.

**1 Claim, 6 Drawing Sheets**



**US D831,325 S**

Page 2

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D571,548 S | * | 6/2008 | Seamans | ....................... | D2/925 |
| D579,637 S | * | 11/2008 | Liow | ...................... | D2/925 |
| D611,693 S | * | 3/2010 | Schwartz | ..................... | D2/969 |
| D612,591 S | * | 3/2010 | Schwartz | ..................... | D2/969 |
| D660,565 S | * | 5/2012 | Della Valle | ................... | D2/925 |
| D668,027 S | * | 10/2012 | Millieret | ...................... | D2/925 |
| D668,438 S | * | 10/2012 | Millieret | ...................... | D2/925 |
| D668,847 S | * | 10/2012 | Gavrieli | ...................... | D2/925 |
| D668,848 S | * | 10/2012 | Gavrieli | ...................... | D2/925 |
| D668,849 S | * | 10/2012 | Pozzi | ...................... | D2/925 |
| D668,850 S | * | 10/2012 | Pozzi | ...................... | D2/925 |
| D676,634 S | * | 2/2013 | Gavrieli | ..................... | D2/925 |
| D693,103 S | * | 11/2013 | McMillan | ..................... | D2/971 |
| D730,635 S | * | 6/2015 | Lin | ..................... | D2/939 |
| D744,730 S | * | 12/2015 | Kirkwood | ................... | D2/923 |
| D768,366 S | * | 10/2016 | Hawthornthwaite | .......... | D2/939 |
| D804,156 S | * | 12/2017 | Hawthornthwaite | .......... | D2/939 |

* cited by examiner



FIG. 1

Case 3:19-cv-03071-JD    Document 1    Filed 06/03/19    Page 32 of 53



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

Exhibit 3

US00D833729S

(12) **United States Design Patent** (10) Patent No.: **US D833,729 S**
Hawthornthwaite et al. (45) Date of Patent: ** **Nov. 20, 2018**

(54) **PORTION OF A SHOE**

(71) Applicant: **Rothy's, Inc.**, San Francisco, CA (US)

(72) Inventors: **Stephen Hawthornthwaite**, Los Angeles, CA (US); **William Roth Martin**, San Francisco, CA (US)

(73) Assignee: **ROTHY'S, INC.**, San Francisco, CA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/659,528**

(22) Filed: **Aug. 9, 2018**

**Related U.S. Application Data**

(60) Continuation of application No. 29/622,868, filed on Oct. 20, 2017, which is a division of application No. 29/576,783, filed on Sep. 7, 2016, now Pat. No. Des. 804,156, which is a division of application No. 29/512,404, filed on Dec. 18, 2014, now Pat. No. Des. 768,366.

(51) **LOC (11) Cl.** ............................................. **02-04**
(52) **U.S. Cl.**
USPC ........................................................ **D2/971**
(58) **Field of Classification Search**
USPC .......... D2/896, 919, 923, 925–942, 969, 971
CPC ......... A43B 21/00; A43B 21/02; A43B 21/06;
A43B 9/14; A43B 1/0045; A43B 13/10;
A43B 13/12; A43B 23/06; A43B 23/07;
A43B 1/0036; A43B 5/12
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 20,439 A | * 6/1858 | Michel et al. | A43B 3/16 |
| | | | 36/7.1 R |
| D16,609 S | * 4/1886 | Buchanan | D2/939 |

| | | | |
|---|---|---|---|
| 687,513 A | * 11/1901 | Bibikov | A43B 3/126 |
| | | | 36/11.5 |
| D86,152 S | * 2/1932 | Bellak | D2/920 |
| D109,313 S | * 4/1938 | Delman | D2/935 |
| D133,819 S | * 9/1942 | Harris | D2/939 |
| D137,763 S | * 4/1944 | Goldstein | D2/939 |
| D137,765 S | * 4/1944 | Goldstein | D2/941 |
| D149,683 S | * 5/1948 | Sandler | D2/930 |
| D149,695 S | * 5/1948 | Sandler | D2/930 |
| D163,185 S | * 5/1951 | Joyce | D2/930 |
| D167,503 S | * 8/1952 | Diamant | D2/923 |
| D180,334 S | * 5/1957 | Keyes | D2/971 |
| D190,900 S | * 7/1961 | Grossman | D2/939 |
| D247,932 S | * 5/1978 | Katz | D2/927 |
| D273,627 S | * 5/1984 | Huberman | D2/941 |

(Continued)

*Primary Examiner* — Dominic V Simone
(74) *Attorney, Agent, or Firm* — Arent Fox LLP

(57) **CLAIM**

The ornamental design for a portion of a shoe, as shown and described.

**DESCRIPTION**

FIG. **1** is front right perspective view of a portion of a shoe showing our new design;
FIG. **2** is right side view of the design shown in FIG. **1**;
FIG. **3** is a left side view of the design shown in FIG. **1**;
FIG. **4** is a front view of the design shown in FIG. **1**;
FIG. **5** is a rear view of the design shown in FIG. **1**;
FIG. **6** is a top view of the design shown in FIG. **1**; and,
FIG. **7** is a bottom view of the design shown in FIG. **1**.
The figures include broken, solid and dash-dot-dash lines. The areas within the solid lines and outside the dash-dot-dash lines form the claimed design. The dash-dot-dash lines illustrate an unclaimed boundary of the claimed design. The broken lines shown in the figures are included for the purpose of illustrating portions of the portion of the shoe and form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**



**US D833,729 S**

Page 2

(56)                    **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D499,865 | S | * | 12/2004 | Belley | D2/969 |
| D500,191 | S | * | 12/2004 | Belley | D2/969 |
| D527,513 | S | * | 9/2006 | Della Valle | D2/919 |
| D545,037 | S | * | 6/2007 | Shaffer | D2/969 |
| D571,084 | S | * | 6/2008 | Comeau | D2/925 |
| D571,548 | S | * | 6/2008 | Seamans | D2/925 |
| D579,637 | S | * | 11/2008 | Liow | D2/925 |
| D611,693 | S | * | 3/2010 | Schwartz | D2/969 |
| D612,591 | S | * | 3/2010 | Schwartz | D2/969 |
| D660,565 | S | * | 5/2012 | Della Valle | D2/925 |
| D668,027 | S | * | 10/2012 | Millieret | D2/925 |
| D668,438 | S | * | 10/2012 | Millieret | D2/925 |
| D668,847 | S | * | 10/2012 | Gavrieli | D2/925 |
| D668,848 | S | * | 10/2012 | Gavrieli | D2/925 |
| D668,849 | S | * | 10/2012 | Pozzi | D2/925 |
| D668,850 | S | * | 10/2012 | Pozzi | D2/925 |
| D676,634 | S | * | 2/2013 | Gavrieli | D2/925 |
| D693,103 | S | * | 11/2013 | McMillan | D2/971 |
| D730,635 | S | * | 6/2015 | Lin | D2/939 |
| D744,730 | S | * | 12/2015 | Kirkwood | D2/923 |
| D768,366 | S | | 10/2016 | Hawthornthwaite et al. | |
| D804,156 | S | | 12/2017 | Hawthornthwaite et al. | |

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7

Exhibit 4

# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington

May 13, 2019

**Via FedEx and Email**

Giesswein Walkwaren AG
Attn: Mr. Marcus Giesswein
Chief Executive Officer
Niederfeldweg 5-7
6230 Brixlegg
Austria
info@giesswein.com

M. Leonard International, Inc.
Attn: Mr. Matthew Tracy
41 Canal Street
Lewiston, Maine 04240
inquiry@wooliscool.com

**Michelle Mancino Marsh**
Partner
212.484.3977 DIRECT
212.484.3990 FAX
michelle.marsh@arentfox.com

**Reference Number**
**037201.00193**

Re:   Infringement of Rothy's, Inc. Intellectual Property Rights

Dear Messrs. Giesswein and Tracy:

Our firm is intellectual property counsel to Rothy's, Inc. ("Rothy's"). Rothy's is a footwear company based in San Francisco that has gained what Business Insider describes as a "ravenous following" for its unique, novel, sustainable, comfortable, and stylish shoes. Rothy's footwear is elegantly designed and seamlessly manufactured from recycled bottles using a 3D knitting process, resulting in the repurposing of over 30 million plastic bottles since its founding. Rothy's footwear has achieved massive sales success and immense unsolicited media coverage, including most recently as their shoes were worn by the Duchess of Sussex, Meghan Markle. Rothy's has invested millions of dollars on its product development, intellectual property, and marketing.

Rothy's owns valuable intellectual property in its proprietary designs, including without limitation "The Flat," "The Point," "The Loafer," and "The Sneaker." Rothy's owns patent, trademark, trade dress, and copyright rights in its designs throughout the world. Rothy's intellectual property rights are partially evidenced by United States Design Patents Nos. D768,366, D804,156, D805,276, D831,313, D831,325, D833,729, D836,314 and D844,313, along with numerous other design patents, design registrations and trademark registrations worldwide (collectively, the "Rothy's Intellectual Property").

# Arent Fox

Giesswein Walkwaren AG
M. Leonard International, Inc.
May 13, 2019
Page 2

Against this background, it has recently come to Rothy's attention that Giesswein Walkwaren AG and M. Leonard International Inc. (collectively, "Giesswein") are making unauthorized use of Rothy's Intellectual Property in connection with your footwear marketed at the domain giesswein.com (the "Infringing Products").[1] The Infringing Products are copies of and a clear infringement of Rothy's Intellectual Property, as is self-evident from the figures below:



| Rothy's "The Flat" | The Infringing Products | Rothy's Patents |
| --- | --- | --- |
| | | Design Patent No. D833,729 |
| | | Design Patent No. D831,325 |

[1] https://us.giesswein.com/pages/giesswein-flats

**Arent Fox**

Giesswein Walkwaren AG
M. Leonard International, Inc.
May 13, 2019
Page 3

| Rothy's "The Flat" | The Infringing Products | Rothy's Patents |
|---|---|---|
|  |  | <br><br>Design Patent No. D805,276<br><br>Design Patent No. D768,366 |

# Arent Fox

Giesswein Walkwaren AG
M. Leonard International, Inc.
May 13, 2019
Page 4



| Rothy's "The Flat" | The Infringing Products | Rothy's Registered Designs |
|---|---|---|
| | | EM 004500932-0004 |
| | | EM 004500932-0005 |

**Arent Fox**

Giesswein Walkwaren AG
M. Leonard International, Inc.
May 13, 2019
Page 5

| The Infringing Products | Rothy's Registered Design |
|---|---|
|  | EM 004500932-0002<br><br>EM 004500932-0003 |

The Infringing Products are an undeniable knockoff of Rothy's Intellectual Property in "The Flat," our client's signature round toe flat with its distinctive round toe, knitted upper, slim profile, and sleek outsole, and "The Loafer," our client's tapered toe, notched vamp knitted upper, slim profile, and sleek outsole. An ordinary observer would be deceived into believing that the Infringing Product is the same as Rothy's The Flat design and Rothy's The Loafer. We also note that you are marketing the Infringing Products in the same manner – highlighting the exact same design elements and features as Rothy's, among other things. Your unauthorized use of Rothy's Intellectual Property in connection with the Infringing Products may also give rise to a likelihood of trade dress confusion among consumers. Rothy's is very concerned that consumers, either at or post-sale, are likely to believe the Infringing Products to be affiliated with and/or endorsed by Rothy's given your unauthorized use of Rothy's Intellectual Property in The Flat and the Loafer.

The Infringing Products are not only an infringement of Rothy's Intellectual Property, but they may also be construed as a willful and bad faith attempt to trade on the hard-earned

# Arent Fox

reputation and goodwill developed through Rothy's use of its intellectual property since at least as early as 2014. Infringement of Rothy's Intellectual Property may constitute, inter alia, federal patent infringement under Section 271 of Title 35 the United States Code (35 U.S.C. § 271 *et seq.*), federal trade dress infringement under Sections 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), and dilution under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), as well as common law trade dress infringement, dilution, and misappropriation. You may be liable for monetary damages and attorneys' fees, in addition to damages and injunctive relief, due to the willful nature of your infringement.[2] You may also be liable for intellectual property and design infringement and various other causes of action under the laws of the European Union.

Accordingly, Rothy's demands Giesswein immediately take the following remedial actions within five (5) business days of the date of this letter:

    (i)    Permanently discontinue all advertising, promotion, or sale of the Infringing Products and any other similar products, including on your social media feeds;

    (ii)    Identify all purchasers, distributors, retailers, or any other person to whom Giesswein has sold or otherwise provided the Infringing Products;

    (iii)    Provide written notification to any Giesswein customer, distributor, retailer, or any other person that has ordered or requested the Infringing Products that the line has been canceled and is unavailable for sale or purchase;

    (iv)    Provide a written representation that all commercial activity with respect to which Giesswein is distributing, selling or offering for sale of the Infringing Products shall cease immediately upon receipt of this letter;

    (v)    Deliver to Rothy's for destruction all Infringing Products in Giesswein's inventory as of the date of this letter; and

    (vi)    Enter into an agreement under the terms of which Giesswein is permanently prohibited from distributing and/or offering for sale the Infringing Products.

---

[2] We bring to your attention a recent verdict for the owner of the Tieks brand for similar copying.

**Arent Fox**

Giesswein Walkwaren AG
M. Leonard International, Inc.
May 13, 2019
Page 7

We trust you understand Rothy's obligation to protect its valuable intellectual property, and we hope that you share our client's desire to resolve this matter promptly and amicably.

The foregoing is without prejudice to the rights and remedies available to Rothy's in connection with this matter, any and all of which are hereby expressly reserved.

Very truly yours,

Michelle Mancino Marsh

cc:      Rothy's, Inc.